**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| vs.     CIVIL NO. 3:22cv233-SA-RP | |
| **ALL RIGHT, TITLE, AND INTEREST IN A UNITED STATES TREASURY CHECK IN THE AMOUNT OF $165,000.00** | **DEFENDANTS** |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**Nature of the Action**

1. This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. § 1957 (money laundering).

**The Defendant in Rem**

2. The defendant property is specifically identified as follows:

    United States Treasury check in the amount of $165,000.00 made payable to Datrin L. Burns, First Line Trucking, LLC, 366 Spring Shadow Dr., Memphis, TN 38118

3. The defendant property has not been seized and is currently in the possession of Cadence Bank. The United States will request that a Warrant of Arrest in rem issue to allow the United States to seize and retain possession of the defendant property.

### Jurisdiction and Venue

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

### Basis for Forfeiture

7. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes real property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, the property constitutes real property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering).

### Facts

8. The Employee Retention Credit is part of the CARES Act legislation and is a credit for wages paid by an employer whose business operations were fully or partially suspended pursuant to a government order related to COVID-19 or experienced a significant decline (i.e., 50 percent) in gross receipts during the period from March 13, 2020 through December 31, 2020. The credit is equal to 50 percent of the qualified wages paid by the employer with respect to each employee. The amount of qualified wages with respect to any employee for all calendar quarters in 2020 cannot exceed $10,000. In other words, there is a $5,000 total cap on the credit per employee for the 2020 tax year.

9. First Line Trucking, LLC ("FLT") is a business registered in Tennessee with an initial filing/formation date of August 16, 2022. The registered agent of FLT is Datrin Latroy Burns (Burns).

10. On August 18, 2022, Burns opened a bank account for FLT at Cadence Bank branch located at 591 South Mendenhall Road, Memphis, TN 38117.

11. On August 19, 2022, Burns returned to the same Cadence Branch and attempted to negotiate a United States Treasury Check in the amount of $165,000.00 made payable to Datrin L. Burns, First Line Trucking, 366 Spring Shadow Dr., Memphis, TN 38118. The check was dated August 11, 2022, and Burns claimed the check was his tax refund.

12. Cadence Bank placed an administrative hold on the check for potential fraud. The address listed on the check was inconsistent with FLT's registered address. Additionally, Cadence Bank noted that the issue date of the check (August 11, 2022) was before the initial filing date/formation date of FLT (August 16, 2022). Finally, Cadence Bank noted that the large, even amount seemed to be excessive for a tax refund check.

13. On October 11, 2022, Burns, with counsel, met with Special Agents of the United States Secret Service in Memphis, TN. Burns advised agents that he was employed by J.B. Hunt and that FLT was his own business that he started in late 2018 or early 2019. Burns advised that FLT began as a sole proprietorship and changed to a limited liability company around May 2022.

14. Burns advised agents that he received the $165,000.00 check as a refund for taxes he paid related to FLT employees during the COVID-19 Pandemic covering the period of late 2019 through 2020. Upon further investigation, agents verified that the $165,000.00 check was issued to Burns/FLT as an Employee Retention Credit (ERC) for the 2020 tax year.

15. According to Burns, he utilized an entity named Utility Brokerage to assist him in applying for the ERC. Burns advised that he initially had contact with a female employed by Utility via telephone and later he delivered paperwork to her business location in Byhalia, Mississippi. Based on information and belief, the female to whom Burns delivered paperwork is currently under indictment in the Northern District of Mississippi for a Paycheck Protection Program conspiracy.

16. Burns advised agents that during the time period for which the ERC covers he briefly employed two people and that it did not work out with the employees. Burns could not identify either claimed employee and stated that he did not have any personnel records or contact information for either employee.

17. Despite his admission that he only briefly employed two employees, in applying for the ERC Burns reported to the Internal Revenue Service on a Federal Form 944 that FLT paid out wages, tips, and compensation in the amount of $257,788.00 in 2020 in order to claim and receive an ERC in the amount of $165,000.00.

18. The United States alleges that the ERC of $165,000.00 paid to FLT far exceeds the amount to which FLT would have been entitled, if entitled to receive the ERC at all. The United States alleges that Burns, on behalf of FLT, was engaged in a scheme to obtain money by means of false or fraudulent pretenses and representations and caused such false or fraudulent pretenses and representations to be transmitted by means of wire communication in interstate commerce to the Internal Revenue Service in an effort to obtain ERC funds to which FLT was not entitled. Additionally, the United States alleges that the attempted negotiation of the check constitutes an attempted violation of 18 U.S.C. § 1957.

19. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

20. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3) That judgment of forfeiture be decreed against the defendant property;

(4) That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5) For costs and for such other further relief to which Plaintiff may be justly entitled

Respectfully submitted,

CLAY JOYNER
United States Attorney

By: /s/ SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
Mississippi Bar No. 101425
900 Jefferson Avenue
Oxford, Mississippi 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Samuel.Wright@usdoj.gov

## **VERIFICATION**

I, Chad Brewer, hereby verify and declare under penalty of perjury that I am a Senior Special Agent with the United States Secret Service (USSS), and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the USSS.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: November 2, 2022

/s/ CHAD BREWER
CHAD BREWER
Senior Special Agent
USSS