IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff(s), ) | |
| vs ) | Civil No. 3:22cv233-SA-RP |
| ALL RIGHT, TITLE AND INTEREST IN ) UNITED STATES TREASURY CHECK IN THE AMOUNT OF $165,000. | |
| Defendant(s). ) | |

### ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM

**COMES NOW,** Defendant, in response to the United States Government's Notice of Judicial Forfeiture Proceedings, would answer as follows:

*Nature of the Action*

1. That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 1 of the Verified Complaint.

*The Defendant In Rem*

2. That Respondent admits the allegations made in Paragraph 2 of the Verified Complaint.

3. That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 3 of the Verified Complaint.

1

## *Jurisdiction and Venue*

4. That Respondent admits that this Court has jurisdiction over an action commenced by the United States under 28 U.S.C. 1345 and over an action for forfeiture under 289 U.S.C. 1355(a); however, Respondent denies that this Court has jurisdiction over this particular action and would argue that proper jurisdiction is in the State of Tennessee since that is where the Respondent resides, where all the communications with Unity Brokerage took place and where he agreed to accept their services.

5. That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 5 of the Verified Complaint.

6. That Respondent denies that this Court is the proper venue over this particular action and would argue that proper venue is with the United States District Court for the Western District of Tennessee that is where the Respondent resides, where all the communications with Unity Brokerage took place and where he agreed to accept their services.

## *Basis for Forfeiture*

7. That Respondent expressly and vehemently denies that he has any knowledge or knowing involvement in any fraud, money laundering or any criminal activity whatsoever.

## *Facts*

8. That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 8 of the Verified Complaint.

9. That Respondent admits the allegations made in Paragraph 9 of the Verified Complaint.

10. That Respondent admits the allegations made in Paragraph 10 of the Verified Complaint. However, Respondent would also state that prior to going to Cadence Bank on or about August 18, 2022, Respondent spoke with a woman, who identified herself as a manager. That Respondent was advised by this manager that, although she would not be at the bank on that date due to a brief vacation, that the Respondent could bring the check and tender it to another employee and that she would take care of the deposit transaction and other matters when she returned. Thus, Respondent left the check with a Cadence Bank teller on his first visit to the bank on or about August 18, 2022.

11. That Respondent denies the allegations made in Paragraph 11 of the Verified Complaint. Specifically, as previously stated, Respondent left the check at the Cadence Bank with another employee on his first visit to the bank on or about August 18, 2022. Respondent spoke with the manager many times over the phone regarding issues with the name conflict on the check. In fact, the manager asked the Respondent to request the IRS to re-issue another check to clear up the situation. However, when the Respondent contacted the IRS, he was advised that they would not issue another check but would send him correspondence explaining to the bank that the check was valid and how to resolve the issue without re-issuing another check. The IRS sent the Respondent the correspondence as state and the Respondent did not return to Cadence Bank for a second time with a letter from the IRS explaining the error

3

on the name on the check. This was the first time that the Respondent had ever met the manager in person and only the second time that he had been to Cadence Bank related to this matter.

12. That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 12 of the Verified Complaint. However, the manager at the bank was aware that the check was received as part of the ERC refund that Respondent applied for and not a personal tax refund. Furthermore the manager was aware that many businesses were receiving similarly large and many much larger that the check that Respondent received.

13. Respondent admits the allegations made in Paragraph 13 of the Verified Complaint. However, Respondent does not any specific recollection of advising the Special Agents that he changed to a LLC in May.

14. That Respondent admits the allegations made in Paragraph 14 of the Verified Complaint to the extent that Respondent said that it was some type of refund for his business related to COVID-19. However, Respondent was unaware at the time, and still unaware to date exactly what the program was the entitled him to a refund, how to apply and how much he was entitled to receive. Respondent does not have any specific recollection that he told Special Agents that it was for taxes paid for employees.

15. That Respondent admits the allegations made in Paragraph 15 of the Verified Complaint to the extent that Respondent did utilize Unity Brokerage to submit his ERC application. However, Burns was contacted by the woman, was

4

asked several questions about his trucking business in 2019 and then told that he qualified for a COVID-19 refund due to having to go out of business. The woman received Respondent's filed tax returns for the relevant years via email. Due to COVID-19 and health concerns, all of the business for the purposes of submitting Respondent's ERC application occurred via email or telephone, with the lone exception of when the Respondent met the woman's husband to pay the fee for the application to be submitted. Respondent has never personally met the woman and their only communication was via telephone or email...

16. That Respondent admits the allegations made in Paragraph 16 of the Verified Complaint. Respondent would further submit that he purchased an 18 wheel tractor for the purposes of allowing those employees to drive loads across country in order to create a passive income stream. However, when he began to get loads the truck began to have problems and the necessary repairs could not be done on the truck due to the inability to secure the necessary parts due to supply chain issues as a result of COVID-19. Subsequently, Respondent had to let the truck go and shut down his business temporarily.

17. That Respondent denies the allegations made in Paragraph 17 of the Verified Complaint. Respondent has never submitted a document to anyone or anywhere stating that he had paid $257,788.00 in 2020. Respondent never signed or saw the ERC application filed on his behalf and never received a copy of the application filed on his behalf. Once Respondent sent the requested information, including filed tax return and paid the initial fee, he

|     | |
| --- | --- |
|     | received no other information until the check arrived. |
| 18. | That Respondent denies the allegations made in Paragraph 18 of the Verified Complaint. Respondent had not understanding of what the ERC refund program was at the time he was told that he qualified and today still has no knowledge of whether he qualified for the ERC refund and if so, what amount. However, Respondent vehemently denies that he was engaged in any scheme to obtain money by means of false or fraudulent pretenses or representations that caused false or fraudulent pretenses to be transmitted by means of wire communication. As previously stated, the Respondent, to date has never signed nor seen the application filed on behalf of FLT and only applied for the program after Unity Brokerage stated that he qualified for it. In fact, Respondent had previously filed the tax returns with all the relevant information with the IRS, so when the check was received from the IRS, Respondent had no reason to know that he did not qualify for the ERC program. Furthermore, Respondent only attempted to tender the check for deposit after submitting an application for the ERC program that the IRS, presumably reviewed and approved, while already having his tax return on file. Thus, Respondent in no way was attempting to commit fraud. |
| 19. | That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 19 of the Verified Complaint. |
| 20. | That Respondent is without sufficient knowledge and/or information to admit or deny the allegations made in Paragraph 19 of the Verified Complaint. |

**WHEREFORE**, Respondent respectfully requests:

1. That this matter be transferred to the United States District Court for the Western District of Tennessee where the Respondent resides, where all of the contacts with Unity Brokerage occurred and the agreement was confirmed and so as to not to make participation by the Respondent in this case overly burdensome

2. That no Warrant for Arrest in rem issue until such time as an appropriate accounting is completed to determine whether the Respondent was qualified to receive the ERC funds and if so, the qualifying amount that Respondent should have received.

3. That if the amount that the Respondent qualified for is less than the amount of the $165,000, that Respondent receive only the portion to which he was entitled.

4. That if Respondent did not qualify for the ERC funds and should not have received any refund, that the Respondent, without admission to any intentional, reckless, negligent, fraudulent or wrongful conduct, and without waiving any of his rights or defenses, will agree to turnover and/or execute the necessary documents for the surrender of the entire refund immediately.

5. That the Court deny Plaintiffs request for costs and/or fees.

STATE OF TENNESSEE
COUNTY OF SHELBY

Plaintiff, DATRIN BURNS being first duly sworn, says that he is the Plaintiff in the above entitled action; that he has read the foregoing contents thereof, and that the same is true to the best of his knowledge, information and belief.

_____                    _____
DATRIN BURNS                                                                    2-03-23

**WHEREFORE, PREMISES CONSIDERED**, Respondent respectfully request that this Court deny the to Dismiss Unites State's Verified Complaint for Forefeiture In Rem.

Respectfully Submitted,

By: _____
DATRIN BURNS
3366 Spring Shadow Drive
Memphis, TN 38118

CERTIFICATE OF SERVICE

I hereby certify that on this ___ day of February 2023, a copy of the foregoing Answer was served on counsel for U.S. Government, Samuel D. Wright, Assistant United States Attorney, 900 Jefferson Ave., Oxford, Mississippi 38655-3608.

_____
DATRIN BURNS

FedEx shipping label

ORIGIN ID:HKAA (901) 581-3920
MDPJ ENTERPRISE CO
4921 LE CHATEAU CV
MEMPHIS, TN 38125
UNITED STATES US

SHIP DATE: 04FEB23
ACTWGT: 0.10 LB
CAD: 6989989/SSF02341

BILL THIRD PARTY

TO: US DISTRICT COURT — NORTH MS
COURT CLERK
911 JACKSON AVE E

OXFORD MS 38655
(901) 681-3920

TRK# 3942 3597 8953

TUE — 07 FEB 4:30P
** 2DAY **
38655
MS-US MEM

SH UOXA